IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NANCY ANN MCKAY                                                                         PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:1Ocv463 HSO-JMR

COMMISSIONER OF SOCIAL SECURITY                                    DEFENDANT

## REPORT AND RECOMMENDATIONS

This matter comes before the Court, *sua sponte*, regarding the failure of the Plaintiff to respond to the Court's Order to Show Cause which was filed on October 4, 2012.

Plaintiff filed her Complaint on September 22, 2011. [1] On that date, she filed a Motion to Proceed In Forma Pauperis [3] . On October 15, 2011, after reviewing Plaintiff's Complaint, the Court found that Plaintiff could proceed *In Forma Pauperis* [4] after analyzing the relevant factors pursuant to 28 U.S.C.§1915. The Court further considered that Plaintiff was warned that failure to properly serve the Defendant within 120 days from the day of this Order might result in dismissal of this action. On September 22, 2010, Plaintiff was also provided a copy of the Court's Standing Local Order with regard to social security cases. [2] On January 6, 2011, Summons was issued to the Commissioner of Social Security. [5].  On February 17, 2011, the Court issued an Order to Show Cause, allowing her until March 9, 2011 to properly serve the Defendant [6]. On February 18, 2011, Summons was returned as executed. [7]  On December 20, 2011, the Court issued a Second Order to Show Cause regarding Plaintiff's failure to prosecute this matter and completely serve the Defendant pursuant to Rules 4(i) and 12(a)(2) of the Federal Rules of Civil Procedure.  Plaintiff was required to respond on or prior to January 5, 2012. On January 5, 2012, Plaintiff responded to the Court's Order [10 ] and served her Summons[11]. On February 3, 2012, Summons was returned executed. [12] The Defendant answered on April 3, 2012. [13]  On October 4, 2012, the Court issued

its third Order to Show Cause requiring that the Plaintiff show cause on or prior to October 15, 2012 as to why this action should not be dismissed for failure to prosecute. This Order was sent by certified mail to the Plaintiff's last known address on October 4, 2012. In the Order, the Court noted that on September 22, 2010 issued its Standing Local Order requiring the Plaintiff to file a dispositive motion within thirty days of the filing Defendant's Answer. Defendant filed its Answer on April 3, 2012 . Plaintiff should have filed a dispositive motion on or prior to May 3, 2012.

Plaintiff has not contacted or communicated with the Court. Plaintiff has not responded to the October 4, 2012 Order to Show Cause which required that she respond on or prior to October 15, 2012 as to why this action should not be dismissed based on the Plaintiff's failure to prosecute this matter and comply with the Court's September 22, 2010 Standing Local Order.

It is apparent from the Plaintiff's failure to comply with Orders of this Court or to otherwise communicate with this Court, that Plaintiff has a lack of interest in pursuing these claims. This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. Rule 41(b) of the Federal Rules of Civil Procedure, provides, *inter alia*, "for failure of the plaintiff to prosecute or to comply with these Rules or any order of the court, defendant may move for dismissal of an action or any claim against him." *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 544 (5th.1978); *Larson v. Scott*, 157 F.3d 1030,1032 (5th Cir. 1998).

The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link, supra*, 370 U.S. at 630.

Based on the foregoing, this Court is of the opinion that the plaintiff has failed in her obligation to respond in accordance with the Court's Orders and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Therefore, this Court recommends that this cause be dismissed without prejudice for the Plaintiff's failure to prosecute and failure to comply with Rule 41(b) of the Federal Rules of Civil Procedure.

In accordance with Rules of this Court, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the U.S. Magistrate Judge and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal-unobjected to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1425 (5th Cir. 1996). Clerk of Court is instructed to send a copy of this order to the Plaintiff at her last known address by certified mail and filed the return receipt in the record.

THIS the 16th day of October, 2012

/s/ *John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE